NO. 07-00-0444-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 17, 2001

______________________________

BRUCE RAY SIMPSON,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 2 OF HARRIS COUNTY;

NO. 0987547; HON. MICHAEL PETERS, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Appellant,
 Bruce Ray Simpson, was charged with the failure to appear to answer the charge of failing to maintain a single lane.  Thereafter, a jury trial, where appellant appeared 
pro se
, was held on July 31, 2000.  The jury rendered a guilty verdict and assessed a fine of $250.00.  Appellant filed a 
pro se
 notice of appeal on August 1, 2000.  The clerk’s record was filed with this Court on October 6, 2000,
 and the reporter’s record was filed on November 30, 2000.   Pursuant to Texas Rule of Appellate Procedure 38.6(a), appellant’s brief was due to be filed no later than December 30, 2000, however, none was received on that date.  Nor was a request for extension or like document explaining the default
 received by the Court

We, therefore, now abate this appeal and remand the cause to the County Criminal Court at Law No. 2 of Harris County (trial court) for further proceedings pursuant to Rule 38.8 (
b)(2) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether appellant desires to prosecute the appeal.  The trial court shall cause the hearing to be transcribed.  Additionally, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issue, and cause same to be included in a supplemental clerk’s record.  Finally, the trial court shall file the supplemental clerk’s record and the transcription of the hearings with the Clerk of this Court by February 20, 2001.  Should further time be needed by the trial court to perform these tasks, then same must be requested before February 20, 2001.

It is so ordered.

Per Curiam

Do not publish.